John C. Rothermich, OSB #071685
E-Mail: jrothermich@gsblaw.com
**GARVEY SCHUBERT BARER**
121 S.W. Morrison Street, 11th Floor
Portland, Oregon 97204-3141
Telephone: 503 228-3939
Fax: 503 226-0259

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BRIX MARITIME CO. d/b/a Foss Maritime Company, a Delaware corporation,**<br><br>Plaintiff,<br>v.<br><br>**MAX J. KUNEY COMPANY, a Washington corporation,**<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Brix Maritime Co., d/b/a Foss Maritime Company ("Foss" or "Plaintiff"), alleges as follows:

1.

Plaintiff brings this action to recover amounts due from Defendant Max J. Kuney Company ("Kuney" or "Defendant") on a Bareboat Charter Party contract (hereinafter, "Charter Party"). A true and correct copy of the fully executed Charter Party is attached hereto as Exhibit A. In the Charter Party, Defendant agreed to pay certain amounts in exchange for charter of a barge from Plaintiff. The Charter Party provided that Defendant agreed to charter the barge "as is," and that Defendant would pay as provided in the Charter Party after accepting the barge. Despite accepting the barge after inspection and retaining exclusive possession of the barge as

////

COMPLAINT
Page 1

contemplated in the Charter Party, Defendant has refused to pay $19,525.00, plus interest, due under the Charter Party.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. § 1333, because this matter arises from a Charter Party contract regarding a vessel being used on the navigable waters of the United States. Plaintiff's claims are maritime or admiralty claims within the meaning of Rule 9(h), Fed.R.Civ.P.

3.

Venue is proper in the Portland Division of this Court pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3-2, because a substantial part of the events or omissions giving rise to the claim occurred in Multnomah County, Oregon, and because the parties agreed in the Charter Party to litigate any dispute arising from the Charter Party in this Court.

## PARTIES

4.

Plaintiff is a Delaware Corporation with its principal place of business in Seattle, Washington. Plaintiff engages in the business of chartering seagoing vessels to third parties.

5.

Defendant is a Washington Corporation with its principal place of business in Spokane, Washington. Defendant is a general contractor engaging in part in bridge construction and renovation.

## FACTS

6.

Plaintiff and defendant entered into the Charter Party dated June 11, 2008, which provided for Defendant to bareboat charter from Plaintiff the unmanned barge FOSS 343, O.N.

56280 (hereinafter, "the Vessel") for a term of up to 60 days.

7.

Defendant's Project Manager, Greg Waugh, executed the Charter Party on July 3, 2008.

8.

The Charter Party provides that Defendant would pay Plaintiff, "for the hire and use of the Vessel, the sum of Two-Thousand Two Hundred and Fifty Dollars ($2,250) per day (plus applicable taxes) for the term of the charter." The Charter Party further provides that Defendant would pay to Plaintiff forty-thousand dollars ($40,000) for the transportation of Vessel to and from Seattle, Washington and Portland Oregon and the combined mobilization and demobilization of the Vessel. *See* Exhibit A, Article 2.

9.

The Charter Party provides that Plaintiff would deliver the Vessel to Defendant at Portland, Oregon on or about June 16, 2008, "at which time the CHARTERER [Defendant] shall have the opportunity to inspect and/or survey the Vessel before acceptance." The Charter Party further provides that "Acceptance of the Vessel . . . by the CHARTERER [Defendant] shall constitute the admission by the CHARTERER [Defendant] of the full performance by owner of all its obligations under this agreement, and thereafter CHARTERER [Defendant] shall not be entitled to any claim . . . with respect to the Vessel, her seaworthiness, her appurtenances, and her equipment." *See* Exhibit A, Sections 4.1 & 4.2.

10.

The Charter Party provides that "[u]nless otherwise noted in a writing signed by the OWNER [Plaintiff] and CHARTERER [Defendant], CHARTERER [Defendant] accepts the Vessel, her appurtenaces and her equipment, 'AS IS.'" *See* Exhibit A, Section 4.3.

11.

The Charter Party provides that the Charter Party constituted the entire agreement

COMPLAINT
Page 3

between Plaintiff and Defendant, and that "[n]o modifications, waiver, discharge of any term or provision of this instrument shall be implied in law, equity or admiralty, nor shall any alteration, modification, or acquittance of any such term or provision be effective for any purpose unless in writing signed by or upon behalf of the party charge[d] therewith." *See* Exhibit A, Section 17.2.

12.

The Charter Party provides that Plaintiff was entitled to eighteen percent interest per annum on any amounts not paid by Defendant when due under the Charter Party, that any suit to enforce the Charter Party would be brought in this Court, and that the prevailing party in any such suit "shall be entitled to recover its costs of suit including reasonable attorney fees." *See* Exhibit A, Sections 17.3 & 17.7.

13.

As directed by Defendant, on about July 12, 2008, Plaintiff delivered the Vessel to Defendant at the Port of Portland in Portland, Oregon. Prior to delivery, Defendant inspected the Vessel at Terminal 4.

14.

Defendant accepted the Vessel, after inspection, on or about July 12, 2008.

15.

Defendant retained possession and use of the Vessel until on or about December 2, 2008.

16.

Plaintiff invoiced Defendant for amounts due under the Charter Party.

17.

Despite repeated demand by Plaintiff for the full amount of the invoices under the Charter Party, Defendant refuses to pay the remaining balance due of $19,525.00 plus interest.

/ / / /

/ / / /

## CLAIM FOR RELIEF

(Breach of Contract)

18.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 17 above.

19.

The Charter Party is a binding contract under which Defendant agreed to pay to Plaintiff the amounts stated to charter the Vessel.

20.

Plaintiff fully performed all required conditions, covenants, and promises to which it agreed in the Charter Party.

21.

Defendant has breached its obligations under the Charter Party by failing to pay the outstanding balance due under the Charter Party for its charter of the Vessel.

22.

As a result of Defendant's breach, Plaintiff has been damaged in the amount of $19,525.00, plus eighteen percent interest per annum on that amount from January 3, 2008 until paid.

WHEREFORE, Plaintiff prays for judgment as follows:

A.   For a judgment against Defendant for breach of the Charter Party and damages in the amount of $19,525.00, plus interest on that amount at the rate of eighteen percent per annum from January 3, 2009 until paid;

/ / / /

/ / / /

/ / / /

/ / / /

B.  Pursuant to the Charter Party, for Plaintiff's costs, disbursements and reasonable attorney fees; and

C.  For such other relief as the Court deems just and proper.

DATED: April 27, 2010

          GARVEY SCHUBERT BARER

By _____
John C. Rothermich, OSB #071685
E-mail: jrothermich@gsblaw.com
Telephone: (503) 228-3939
Fax: (503) 226-0259

Attorneys for Plaintiff

Trial Attorney: John C. Rothermich

PDX_DOCS:448619.3 [03404-01740]

COMPLAINT
Page 6